UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 24-cv-23624-BLOOM/Elfenbein**

KIAVI FUNDING INC.,

    Plaintiff,

v.

2815 HOUSE PROJECT LLC, A
New Jersey Limited Liability Company;
ALEX PAVLOVSKY, An Individual;
2815 SELLER LLC, A Florida Limited
Liability Company; UNKNOWN TENANT
#1; UNKNOWN TENANT #2,

    Defendants.
_____/

## ORDER ON MOTION TO REMAND TO STATE COURT

**THIS CAUSE** is before the Court upon Plaintiff Kiavi Funding Inc.'s Motion to Remand to State Court ("Motion"), ECF No. [6]. The Defendants do not oppose the Motion. *See* ECF No. [7]. The Court has reviewed the Motion, the supporting submissions, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted.

On July 1, 2024, Plaintiff initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2024-012247-CA-01 ("State Court Action"). *See* ECF No. [1] at 6. Between July 18, 2024, and August 21, 2024, the following Defendants were served with process: Defendant UNKNOWN TENANT NO. 1 N/K/A MAYERLINS TORUNO; UNKNOWN TENANT NO. 2 N/K/A SELENA TORUNO; 2815 SELLER LLC, A Florida Limited Liability Company ("2815 SELLER"); 2815 HOUSE PROJECT LLC, A New Jersey Limited Liability Company ("2815 HOUSE PROJECT"). *See* ECF No. [1], [6].

Case No. 24-cv-23624-BLOOM/Elfenbein

On September 20, 2024, 2815 HOUSE PROJECT and 2815 SELLER filed a joint Notice of Removal seeking to remove this case pursuant to the Court's diversity jurisdiction. *See* ECF No. [1]. Plaintiff then filed a motion seeking to remand the case to state court because 2815 HOUSE PROJECT and 2815 SELLER failed to obtain consent from the other defendants before filing their joint Notice of Removal. *See* ECF No. [6]. Plaintiff then filed a motion indicating that Defendants do not oppose Plaintiff's motion for remand and "agree to remand this case back to state court." *See* ECF No. [7]. Most recently, Plaintiff filed a Proposed Agreed Order Granting Plaintiff's Motion to Remand to State Court. ECF No. [8].

Upon a review of the record, the Court agrees that this case must be remanded. "Pursuant to 28 U.S.C. § 1447, remand is appropriate when there is a defect in the removal process." *Fowler v. Hertz Vehicles, LLC*, No. 3:06-cv-635-J-33MCR, 2007 WL 106563, at *1 (M.D. Fla. Jan. 9, 2007). Here, there was a defect in the removal process as the removing defendants did not obtain consent from all the defendants before filing their notice of removal. *See Rodgers v. Atlantic Contracting & Development Corp.*, Case No. 2:07-cv-533-FtM-34DNF, 2008 WL 11334891, at *2 (M.D. Fla. Sept. 3, 2008) ("Indeed, failure to obtain the unanimous consent of all defendants is a procedural defect which generally warrants remand.") (citing 28 U.S.C. § 1447(c); *Russel Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) (abrogated on other grounds); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *Fowler*, 2007 WL 106563, at *1, 3); *Jones v. Florida Dep't. of Children and Family Servs.*, 202 F. Supp. 2d 1352, 1354 (S.D. Fla. 2002) ("[T]he Eleventh Circuit, along with numerous district courts agree that all named defendants must join the removal petition for removal to be proper within the meaning of § 1447(c)"). Accordingly, because "the right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts," the

Case No. 24-cv-23624-BLOOM/Elfenbein

Court must remand this case. *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, No. 09–82433–CIV, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1318 (M.D. Ala. 2006) ("Where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures, the district court, as a court of limited jurisdiction, cannot disregard an evident procedural defect, regardless of the triviality or inadvertent nature of the defect.").

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand to State Court, **ECF No. [6],** is **GRANTED**.
2. This case is **REMANDED** to Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
3. The Clerk of Court shall **CLOSE** this case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 15, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record